FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 20 2004

JAMES W. McCORMACK, CLERK
By: _____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PATRICIA L. BOOKER                  PETITIONER

VS.                  CASE NO. 5:03CV00290 HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                  RESPONDENT

## ORDER

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Patricia L. Booker, an inmate in the custody of the Arkansas Department of Correction (ADC). Ms. Booker was convicted following a 1989 jury trial in Sebastian County Circuit Court on the charge of three counts of manufacturing a controlled substance and two counts of possession of a firearm by certain individuals. Petitioner was deemed an habitual offender and sentenced to forty-two years' imprisonment. No direct appeal or postconviction petition ensued. The petitioner was paroled from the ADC on September 26, 2001, due to a medical condition. Petitioner characterizes this as an "Acts 1995, No. 290 Release." Petition, p. 3. Act 290 of 1995, codified at Ark. Code Ann. 12-29-404, provides that the Post Prison Transfer Board may make an inmate with an incurable illness eligible for immediate transfer to parole supervision. Thus, petitioner was not unconditionally released but was transferred to parole supervision. On November 13, 2002, a parole violation report and warrant were issued after a search of the plaintiff's residence yielded crack cocaine and substantial cash. On November 21, 2002, Ms. Booker was notified of the alleged parole violation and the right to a hearing. The revocation

hearing was conducted on December 9, 2002. Ms. Booker was present, along with her attorney. The Hearing Judge ruled that Ms. Booker had violated the terms of her conditional release and ordered that the release be revoked. The petitioner was advised of her right to appeal. She subsequently sought release from the Arkansas Post-Prison Transfer Board. On June 24, 2003, Post-Prison Transfer Board affirmed the ruling revoking Ms. Booker's conditional release.

In the petition now before the Court, the following grounds for relief are advanced[1]:

1. The parole revocation decision was erroneous, as the petitioner did not participate in a drug sale;

2. The state court erred in finding petitioner to be a parole violator in the absence of any conviction under state law; and

3. The state erred in failing to have petitioner appear before the post prison transfer board in May of 2003.

The respondent contends that these grounds are not properly before this Court due to the petitioner's failure to adequately raise the grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, the respondent contends that petitioner had the right under the Arkansas Administrative Procedure Act to seek a review of the decision by the Post-Prison Transfer Board. She did not do so and the time in which to do so has now expired, according to the respondent. By previous Order of the Court, Ms. Booker was notified that dismissal of the case was possible due to the apparent failure to adequately present her claims in state court. Ms. Booker was further notified of her opportunity to explain why the case should not be dismissed, and she has submitted an explanatory pleading.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court

---

[1] The grounds advanced by Ms. Booker are at times hard to follow in her petition. The Court has liberally construed her allegations.

2

should not reach the merits of a litigant's habeas corpus allegation if she has procedurally defaulted in raising that claim in state court: that is, if she was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for her failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood,* 823 F.2d 1241, 1250-51 (8th Cir. 1987); *Messimer v. Lockhart,* 822 F.2d 43, 45 (8th Cir. 1987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray,* 477 U.S. 527 (1986), and *Murray v. Carrier,* 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray,* 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier,* 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross,* 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier,* 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In her explanatory pleading, the petitioner addresses numerous issues. She identifies four key issues which she contends are meritorious: (1) her attorney was ineffective at the parole revocation hearing in 2002 for failing to object to prosecutorial misconduct and the manner in which

the prosecutor referred to her prior criminal convictions and arrests; (2) her attorney was ineffective for failing to challenge the sufficiency of the evidence and for failing to preserve this issue for appellate review; (3) she is actually innocent of the crimes and charges (petitioner appears to contend she is innocent of the 2002 parole revocation charges as well as the original charges leveled against her in 1989); and (4) the sentence received in 1989 and the new sentence imposed in 2003 constitute cruel and unusual punishment, enhanced by the medical condition[2] for which the petitioner was conditionally released from prison. The petitioner also recites specifics about forfeiture proceedings taken against her in federal court, an alleged conflict of interest by the prosecutor in her case, and the miscalculation of her sentence.

The issue for the Court to consider, as stated in the earlier Order, is whether there is cause for the petitioner's failure to adequately raise her claims in state court and whether there is prejudice from that failure. The respondent contends the petitioner should have raised these claims in an action brought pursuant to the Administrative Procedure Act. Such an action should have been filed within thirty days following the final decision of the Post Prison Transfer Board, according to the respondent. The respondent cites *Clinton v. Bonds*, 305 Ark. 554 (1991), *Mosby v. Arkansas Board of Pardons and Paroles*, 1994 Westlaw 162625 (Ark. April 25, 1994) (an unpublished opinion), and *Michalek v. Lockhart*, 292 Ark. 301 (1987), to support the assertion of petitioner's right to appeal beyond the decision rendered by the Post Prison Transfer Board. While the citations are not precisely on point, it does appear that Ms. Booker had the right to appeal the Post Prison Transfer Board's ruling, and that she did not so appeal. She offers no plausible explanation, or "cause," for this omission in state court. A review of the record suggests no reason. We find petitioner has not

---

[2]Petitioner states that she suffers from cancer, and this illness spurred her release in 2001.

shown "cause" for her failure to adequately present her claims in state court.

Ms. Booker does claim actual innocence to the charges which resulted in her return to prison, as well as to the original charges of which she was convicted in 1989. The Supreme Court guides us in addressing a claim of actual innocence:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Ms. Booker; she "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.

In this instance, Ms. Booker quarrels with the result of her parole revocation hearing, as well as her original 1989 trial. She also complains of the prosecutor's behavior and the performance of her attorney. She does not, however, present "new reliable evidence" that was not presented at either of the earlier proceedings. As a result, her claim of actual innocence fails.

In summary, the petitioner failed to adequately present her claims in state court when she did not appeal the decision of the Post Prison Transfer Board. She now fails to demonstrate either cause or prejudice for that omission in state court. In addition, she fails to show her actual innocence, a showing that would obviate the need to prove cause and prejudice. The claims are not properly before this Court due to the unexcused procedural default, and the petition is dismissed on that basis.

IT IS SO ORDERED this _20_ day of January, 2004.

_____
United States Magistrate Judge

**THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP ON _1-21-04_ BY _____**

F I L E   C O P Y

bm

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

January 21, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re:   5:03-cv-00290.

True and correct copies of the attached were mailed by the clerk to the following:

    Patricia L Booker
    MCPWCF
    McPherson Unit
    ADC #701848
    302 Wackenhut Way
    Post Office Box 5555
    Newport, AR   72112-5555

    Joseph V. Svoboda, Esq.
    Arkansas Attorney General's Office
    Catlett-Prien Tower Building
    323 Center Street
    Suite 200
    Little Rock, AR   72201-2610

    press
    post

James W. McCormack, Clerk

Date: 1-21-04                              BY: _____